E-FILED
Thursday, 05 August, 2021  02:54:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HEATHER HOOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| AMERICOLD LOGISTICS, LLC, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AT LAW

Plaintiff, Heather Hooks, by and through her attorneys, KATZ NOWINSKI P.C., by the undersigned, for her Complaint at Law against the Defendant AmeriCold Logistics, LLC, states:

## COUNT I– FMLA - INTERFERENCE with FMLA ENTITLEMENT

1. Plaintiff brings Count I pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*.

2. Heather Hooks (hereinafter "Hooks" or "plaintiff") is and was at all times material hereto a resident of Monmouth, Warren County, Illinois.

3. Defendant AmeriCold Logistics, LLC, (hereinafter referred to as "AmeriCold" or "defendant") is an foreign (Delaware)  Limited Liability Company, with its principal place of business in Atlanta, Georgia, which operates a cold storage facility in Monmouth, Warren County, Illinois.

4. This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

2

5.  At all times relevant to this cause of action, defendant operated a cold storage facility at which plaintiff worked in Monmouth, Warren County, Illinois, in the Central District of Illinois, and all relevant incidents from which this cause of action arose occurred in the Central District of Illinois; therefore, venue is proper.

6.  Pursuant to Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff worked in Warren County, Illinois, and all relevant incidents from which this cause of action arose occurred in Warren County, Illinois.

7.  Plaintiff was employed by AmeriCold from approximately early 2018 until approximately October 30, 2020, as a lift truck operator.

8.  Defendant at all relevant times employed over 50 persons within a 75 mile radius and therefore is an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

9.  Hooks was an employee of AmeriCold, who, prior to October 30, 2020, had worked more than 1,250 hours of service for AmeriCold during the previous 12-month period and had been continuously employed by defendant for more than 12 months since the commencement of her employment in 2018.

10.  On or about October 19, 2020, plaintiff became sick at work and felt that she had COVID-19 related symptoms, but was not allowed to go home.

11. On October 20, 2020, plaintiff went to the emergency room and was taken off work through the October 22 pending her COVID-19 test, which came back negative.

12.  Plaintiff was next scheduled to work her 12-hour shift on or about October 27 or 28, 2020, and returned to work, although she was still having upper respiratory system issues.

3

13. After continuing to work sick, on or about October 29, 2020, after continuing to work sick, plaintiff's health deteriorated and she went to the emergency room at the OSF Medical Group.

14. After another COVID-19 test, and blood test, plaintiff's medical provider took plaintiff off work beginning October 29, 2020, and excused her from work absences for October 29, 30 and 31.

15. Plaintiff was also given a prescription medication.

16. Plaintiff's husband delivered a doctor's or health care professional's note to defendant on or about October 29, 2020, under which plaintiff was to be off work for October 29, October 30, and October 31, 2020, with a return to work for November 2, 2020. Although plaintiff was not otherwise scheduled to work until November 4, 2020.

17. Plaintiff had a serious health condition which qualified for leave under the FMLA.

18. However, defendant terminated plaintiff from employment on October 30, 2020.

19. The decision to terminate plaintiff was based in part on Hooks' absences for her FMLA qualifying serious health condition, specifically her absence on October 29, 2020, as well as her request for additional medically approved days off with verification from a health care professional, which termination interfered with Hook's right to take FMLA leave for that FMLA qualifying serious health condition.

20. Hooks was terminated from her employment with defendant while taking leave protected under the Family and Medical Leave Act, an interference in her FMLA right to have her job protected while on medical leave.

4

21. Defendant unlawfully interfered, restrained, denied, and discriminated against Plaintiff's attempt to exercise her rights to FMLA leave in one or more of the following manners in violation of 29. U.S.C. § 2615(a):

    a. Discharged the Plaintiff on or about on October 30, 2020 in violation of the FMLA;

    b. Failed to provide documentation to Plaintiff concerning her rights;

    c. Failed to provide Plaintiff with a written designation notice;

    d. Failed to provide Plaintiff with protected leave when defendant knew of Plaintiff's medical issues; and

    e. Terminated Plaintiff because of her serious health condition(s).

22. As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that she lost from October 30, 2020 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

23. Pursuant to 29 U.S.C. § 2617(a)(3), Hooks is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

24. Pursuant to 29 U.S.C. § 2617, Hooks is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

5

WHEREFORE, Plaintiff Heather Hooks hereby requests this court enter judgment in her favor and against Defendant AmeriCold Logistics, LLC, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

## COUNT II – FMLA RETALIATION

1. Plaintiff brings Count I pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*

2. Heather Hooks (hereinafter "Hooks" or "plaintiff") is and was at all times material hereto a resident of Monmouth, Warren County, Illinois.

3. Defendant AmeriCold Logistics, LLC, (hereinafter referred to as "AmeriCold" or "defendant") is a Delaware Limited Liability Company, with its principal place of business in Atlanta, Georgia, which operates a cold storage facility in Monmouth, Warren County, Illinois.

4. This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

5. At all times relevant to this cause of action, defendant operated the Cloverleaf Cold Storage facility at which plaintiff worked in Monmouth, Warren County, Illinois, in the Central District of Illinois, and all relevant incidents from which this cause of action arose occurred in the Central District of Illinois; therefore, venue is proper.

6

6. Pursuant to Local Rule 40.1(F), the basis for filing in the Rock Island Division is that plaintiff worked in Warren County, Illinois, and all relevant incidents from which this cause of action arose occurred in Warren County, Illinois.

7. Plaintiff was employed by AmeriCold from approximately early 2018 until approximately October 30, 2020 as a lift truck operator.

8. Defendant at all relevant times employed over 50 persons within a 75-mile radius and therefore is an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

9. Hooks was an employee of AmeriCold, who, prior to October 30, 2020, had worked more than 1,250 hours of service for AmeriCold during the previous 12-month period and had been continuously employed by defendant for more than 12 months since the commencement of her employment in 2018.

10. On or about October 19, 2020, plaintiff became sick at work and felt that she had COVID-19 related symptoms, but was not allowed to go home.

11. On October 20, 2020, plaintiff went to the emergency room and was taken off work through the October 22 pending her COVID-19 test, which came back negative.

12. Plaintiff was next scheduled to work her 12-hour shift on or about October 27 or 28, 2020, and returned to work, although she was still having upper respiratory system issues.

13. After continuing to work sick, on or about October 29, 2020, after continuing to work sick, plaintiff's health deteriorated and she went to the emergency room at the OSF Medical Group.

7

14. After another COVID-19 test, and blood test, plaintiff's medical provider took plaintiff off work beginning October 29, 2020, and excused her from work absences for October 29, 30 and 31.

15. Plaintiff was also given a prescription medication.

16. Plaintiff's husband delivered a doctor's or health care professional's note to defendant on or about October 29, 2020, under which plaintiff was to be off work for October 29, October 30, and October 31, 2020, with a return to work for November 2, 2020. Although plaintiff was not otherwise scheduled to work until November 4, 2020.

17.  Plaintiff had a serious health condition which qualified for leave under the FMLA.

18. However, defendant terminated plaintiff from employment on October 30, 2020.

19. The decision to terminate plaintiff was based in part in retaliation for Hooks' absences for her FMLA qualifying serious health condition, as well as her taking of leave for that FMLA qualifying serious health condition.

20. Hooks was terminated from her employment with defendant in retaliation for taking leave protected under the Family and Medical Leave Act.

21. Defendant retaliated against Hooks for exercising or attempting to exercise her rights under the Family and Medical Leave Act; specifically she was terminated because she had been out "ill" for a number of days and provided "off-work" slips from a health care provider entitling her to leave for a serious health condition.

22. Defendant unlawfully discriminated and retaliated against Plaintiff's attempt to exercise her rights to FMLA leave in violation of 29 U.S.C. § 2615(a) by discharging

8

the Plaintiff on October 30, 2020, because of her serious health conditions and time off work in violation of the FMLA.

23. As a proximate result of defendant's violation(s) of the FMLA, plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that she lost from October 30, 2020 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

24. Pursuant to 29 U.S.C. § 2617(a)(3), Hooks is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

25. Pursuant to 29 U.S.C. § 2617, Hooks is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

WHEREFORE, Plaintiff Heather Hooks hereby requests this court enter judgment in her favor and against Defendant AmeriCold Logistics, LLC, in a just and reasonable amount for compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL**

HEATHER HOOKS, Plaintiff

9

By:  /s/ John F. Doak
John F. Doak (ARDC# 6204122)

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  jdoak@katzlawfirm.com